Jason M. Ingber (SBN 318323)
**INGBER LAW GROUP**
3580 Wilshire Blvd., Suite 1260
Los Angeles, CA 90010
Telephone: (213) 805-8373
E-mail: ji@jasoningber.com

Attorney for Plaintiff
Ronak N. Shafi

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONAK N. SHAFI, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DOORDASH, INC., a Delaware corporation; STRIPE, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Defendants.

CASE NO. 3:25-cv-06773

**CLASS ACTION COMPLAINT FOR:**

1. **FRAUD**
2. **NEGLIGENCE**
3. **BREACH OF CONTRACT**
4. **VIOLATION OF CALIFORNIA LABOR CODE**
5. **UNJUST ENRICHMENT**
6. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**
7. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**DEMAND FOR JURY TRIAL**

- 1 -
COMPLAINT

**INTRODUCTION**

1.     This class action arises from Defendants' systematic scheme to deprive hardworking delivery drivers of their earned wages through a calculated pattern of payment system failures, false promises, and deliberate obstruction of drivers' attempts to recover their money. For over six months, Plaintiff Ronak Nouri Shafi has performed delivery services for DoorDash without receiving a single penny in compensation, while Defendants have engaged in a shell game of misdirection and blame-shifting that has left her in severe financial distress and on the brink of eviction.

2.     What began as an apparent technical issue on December 9, 2024, has revealed itself to be something far more sinister: a coordinated effort by DoorDash and its payment processor Stripe to withhold wages from drivers while maintaining the facade of attempting to resolve payment issues. Through a deliberate pattern of false promises to "escalate" matters, circular referrals between companies, and even physical exclusion from corporate headquarters, Defendants have created an impenetrable barrier between drivers and their rightfully earned wages.

3.     The human cost of Defendants' conduct is staggering. Plaintiff, a dedicated driver who has served DoorDash faithfully for nearly five years maintained Top Dasher status, has been forced to accumulate $18,500 in credit card debt simply to feed her family and keep a roof over their heads. Her credit has been

COMPLAINT

destroyed, her family has been forced to borrow money from relatives, and she lives each day under the crushing stress of financial uncertainty—all while continuing to work for free in the desperate hope that Defendants will eventually honor their obligations.

4.    This is not an isolated incident. In the course of trying to resolve her own non-payment, Plaintiff discovered that other Dashers or DoorDash drivers, including personal acquaintances, have suffered similar ordeals, with wages withheld, false promises made, and recourse denied. These common experiences reflect a broader, systemic issue in Defendants' operations that affects numerous drivers throughout United States.

5.    This lawsuit seeks to hold Defendants accountable for their fraudulent scheme, their negligent payment systems, and their breach of the fundamental promise to pay workers for their labor. Plaintiff brings this action not only on her own behalf but on behalf of the countless other United States drivers who have been similarly victimized by Defendants' unconscionable conduct.

## PARTIES

6.    Plaintiff Ronak N. Shafi is a resident of Sacramento County, California.

7.    Defendant DoorDash, Inc. is a corporation formed under the laws of Delaware with a principal place of business in San Francisco, California.

8.    Defendant Stripe, Inc. is a corporation formed under the laws of

COMPLAINT

Delaware with a principal place of business in San Francisco, California.

9.     The true names and capacities of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff is informed and believes that each DOE Defendant is responsible for the acts alleged herein.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which members of the proposed class are citizens of states different from Defendants. Specifically, the proposed class includes DoorDash drivers from multiple states throughout the United States, while Defendants are Delaware corporations with their principal places of business in California, thereby satisfying the minimal diversity requirement under the Class Action Fairness Act.

11.     This Court has personal jurisdiction over Defendant DoorDash, Inc. because DoorDash's principal place of business is located in San Francisco, California, within this District, and it conducts substantial and systematic business activities within this District.

12.     This Court has personal jurisdiction over Defendant Stripe, Inc. because Stripe's principal place of business is located in San Francisco, California,

within this District, and it conducts substantial and systematic business activities within this District, including processing payments for California-based DoorDash drivers.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because: (a) both Defendants reside in this District within the meaning of 28 U.S.C. § 1391(c), as their principal places of business are located in San Francisco, California; (b) a substantial part of the events giving rise to the claims occurred in this District, including Plaintiff's attempts to resolve payment issues at DoorDash's San Francisco headquarters and the ongoing payment processing failures affecting California drivers; and (c) both Defendants are subject to the Court's personal jurisdiction with respect to this action.

## GENERAL FACTUAL ALLEGATIONS

### A. The Parties' Relationship and Payment System

14.    Plaintiff Ronak Nouri Shafi has been working as a delivery driver for DoorDash, Inc. for approximately four to five years.

15.    As a DoorDash driver, Plaintiff Shafi entered into an agreement with DoorDash to provide delivery services in exchange for payment.

16.    Plaintiff Shafi maintained a strong record as a Top Dasher, working long hours, sometimes up to 18 or 19 hours per day, to support herself and pay her bills. She relied on DoorDash as her sole source of income and consistently earned

upwards of $2,000 per week prior to the payment stoppage.

17.     DoorDash utilizes Stripe, Inc. as a third-party payment processor to facilitate direct deposits to drivers' bank accounts.

18.     DoorDash created and controls a Stripe account on behalf of Plaintiff Shafi for the purpose of processing her payments but has denied her access to this account.

**B. The Payment Stoppage and Defendants' Fraudulent Response**

19.      Since December 9, 2024, Plaintiff stopped receiving payments from DoorDash despite completing deliveries and working full shifts. Since that date, Plaintiff estimates she has not been paid for more than $37, 831.45 in wages, though the true amount may be higher.

20.     Plaintiff Shafi has made numerous attempts to resolve this issue by contacting both DoorDash and Stripe through phone calls and emails over the past six months. She was repeatedly bounced from one customer service representative to another.

21.     In response to their inquiries, both DoorDash and Stripe have engaged in a pattern of deliberate deception, including: a. Repeatedly promising to "escalate" the matter and contact them within 24 to 72 hours, knowing these were false promises; b. DoorDash falsely directing Plaintiff to Stripe as the party responsible for fixing the payment issue; c. Stripe falsely claiming they could not help because

the account was controlled by DoorDash; d. Both companies providing contradictory "troubleshooting" instructions that they knew would not resolve the issue; e. Suggesting Plaintiff change her email address, which would likely result in permanent loss of the owed wages.

22. When Plaintiff Shafi attempted to resolve the matter in person at DoorDash's headquarters in San Francisco, California, DoorDash security personnel refused to allow her entry and declined to provide any assistance, stating she was "not allowed to be here."

23. DoorDash and Stripe continued to shift blame, failed to resolve the payment blockage, and required Plaintiff to repeat steps that had already been completed, further delaying resolution.

## C. Retaliation and Continued Harm

24. In addition to non-payment, DoorDash began severely restricting Plaintiff's ability to receive orders. Where she once averaged dozens of orders per day, she now receives only one or two low-paying orders, if any at all, even while remaining logged into the app for over eight hours daily.

25. Despite these obstacles, Plaintiff has continued working for DoorDash without pay for over six months in the hope that the payment issues would be resolved.

26. Plaintiff was pressured to use Crimson, a payment platform she never

COMPLAINT

opted into and regarded as insecure given other Dashers' reports of fraud and account breaches. Despite Plaintiff's preference to use her secure bank account, DoorDash insisted on Crimson, leading to further missed payments and blocked deposits.

### D. Financial Devastation

27.    As a direct result of Defendants' conduct, Plaintiff Shafi and her family have suffered severe financial hardship, including: a. Accumulating approximately $18, 500 in credit card debt to cover basic living expenses; b. Damage to their credit scores; c. Inability to pay rent of $2,000 per month and essential bills; d. Being forced to borrow money from family members; e. Living under constant stress and uncertainty about their financial future.

28.    Approximately two and a half years ago, Plaintiff Shafi experienced a separate incident where her bank account or card information was stolen, which DoorDash successfully resolved and continued paying her regularly until the current payment stoppage on December 9, 2024.

29.    Upon information and belief, other DoorDash drivers have experienced similar issues with non-payment of wages and systematic deflection of responsibility between DoorDash and Stripe.

## CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class: "All DoorDash

drivers in the United States whose earned delivery payments were withheld by DoorDash for 21 days or more within the four years preceding the filing of this Complaint through the date of judgment."

31.     Numerosity: The members of the class are so numerous that joinder of all members is impracticable. Upon information and belief, DoorDash operates in all 50 states and contracts with hundreds of thousands of drivers nationwide. Based on public reports and the systematic nature of the alleged conduct, the class likely includes thousands of drivers who have experienced prolonged payment withholdings.

32.     Commonality: There are questions of law and fact common to the class that predominate over individual questions, including: (a) whether DoorDash has a duty to timely pay drivers for completed deliveries; (b) whether DoorDash's systematic customer service practices constitute fraud; (c) whether DoorDash breached its contracts with drivers by withholding payments; (d) whether DoorDash breached the implied covenant of good faith and fair dealing; (e) whether DoorDash's conduct violates unfair competition laws; (f) whether DoorDash was unjustly enriched; and (g) the appropriate measure of damages and relief.

33.     Typicality: Plaintiff's claims are typical of the claims of class members because all arise from the same systematic payment withholding practices, identical customer service deflection tactics, and uniform contractual relationships between

DoorDash and its drivers.

34.    Adequacy: Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests adverse to the class, has suffered the same harm as class members, and has retained experienced counsel competent in class action litigation.

35.    Superiority: A class action is superior to other available methods for fair and efficient adjudication of this controversy because: (a) individual litigation would be impracticable given that many class members lack the resources to pursue individual lawsuits after being deprived of income; (b) individual litigation would create a risk of inconsistent adjudications; (c) DoorDash has engaged in systematic conduct affecting all class members uniformly; and (d) concentrating the litigation in this forum will promote judicial efficiency.

36.    This action satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**CLAIMS FOR RELIEF**

**Count I- Fraud**

**(Against All Defendants)**

37.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

38.     Defendants made numerous false representations to Plaintiff, including but not limited to: a. That they would "escalate" her payment issues and contact her within 24 to 72 hours; b. That troubleshooting steps including providing additional bank documentation, changing account preferences, or adopting Crimson, would resolve the payment problems; c. That the other party (DoorDash or Stripe) was responsible for fixing the issue; d. That they were actively working to resolve her payment problems.

39.     These representations were false, and Defendants knew they were false when made, as evidenced by the fact that the same false promises were repeated for over six months without any actual effort to resolve the case.

40.     Defendants made the false representations with the intent to deceive Plaintiff and induce her to continue working without pay and to prevent her from pursuing legal remedies.

41.     Plaintiff justifiably relied on these representations by continuing to work for DoorDash, maintaining her Top Dasher status, and repeatedly attempting to resolve the matter through the channels suggested by Defendants rather than immediately pursuing legal action.

42.     As a direct result of Defendants' fraud, Plaintiff has suffered damages

including unpaid wages, accumulated debt, credit damage, and severe emotional distress.

**Count II- Negligence**

**(Against All Defendants)**

43.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

44.    Defendants each owed a duty of reasonable care to Plaintiff and class members to: (a) maintain functional, secure, and reliable payment systems; (b) implement appropriate procedures for resolving payment issues; (c) provide competent customer service regarding payment problems; and (d) ensure drivers could access their earned compensation without undue obstruction or delay.

45.    Defendants breached their respective duties of care by: (a) failing to maintain adequate payment processing systems capable of reliable operation; (b) failing to implement proper procedures for resolving payment issues, including allowing vulnerabilities in platforms like Crimson that exposed drivers to security risks; (c) failing to provide drivers with direct and meaningful access to resolve payment account problems; (d) failing to properly train customer service representatives, resulting in repeated false promises and ineffective assistance; (e) creating and maintaining a payment system that trapped drivers in cycles of blame-shifting between DoorDash and Stripe with no functional recourse; and (f)

pressuring drivers to use insecure payment platforms despite legitimate security concerns.

46.    Defendants' negligent conduct was a substantial factor in causing Plaintiff's damages, directly resulting in severe emotional distress from living under crushing stress and constant uncertainty about her financial future, as well as the associated economic losses.

47.    As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages including: (a) severe emotional distress and mental anguish from constant stress and financial uncertainty; and (b) economic damages including unpaid wages exceeding $37,831.45, accumulated credit card debt of $18,500, credit damage, and other consequential financial losses directly caused by Defendants' conduct.

## Count III- Breach of Contract

## (Against DoorDash, Inc.)

48.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

49.    Plaintiff entered a valid contract with DoorDash to provide delivery services in exchange for payment.

50.    Plaintiff fully performed all conditions, covenants, and promises required on her part, including working long hours, sometimes up to 18 or 19 hours per day, to maintain her Top Dasher status and completing hundreds of deliveries over the past six months without receiving payment.

51.    DoorDash materially breached the contract by failing to pay Plaintiff for her services since December 9, 2024, despite benefiting from her work and generating revenue from completed deliveries.

52.    As a direct and proximate result of DoorDash's breach, Plaintiff has suffered damages, including but not limited to unpaid wages, totaling approximately six months of earnings at $250-300 per day, and consequential damages including accumulated credit card debt of approximately $18, 500.

**Count IV- Violation of California Labor Code- Failure to Pay Wages**

**(Against DoorDash, Inc.)**

53.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

54.    Regardless of classification as an employee or independent contractor, Plaintiff performed delivery services for DoorDash and is entitled to timely payment for services rendered under California law.

55.    DoorDash has willfully failed to pay Plaintiff all compensation due for work performed since December 9, 2024, in violation of California Labor Code §§ 201–204.

56.    Plaintiff has made repeated and good-faith demands for payment, including frequent phone calls, daily or near-daily contact with customer service, multiple communications by email, and efforts to resolve the matter in person at

DoorDash headquarters, all of which have been ignored, deflected, or met with false promises of resolution.

57.    As a direct and proximate result of DoorDash's unlawful conduct, Plaintiff has suffered damages in the form of unpaid wages and consequential financial hardship.

## Count V- Unjust Enrichment

## (Against DoorDash, Inc.)

58.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

59.    DoorDash has received substantial benefits from Plaintiff's work as a delivery driver, including completed deliveries that generated revenue, customer satisfaction, and market presence, all without providing the agreed-upon compensation.

60.    DoorDash has unjustly retained these benefits by willfully failing to pay Plaintiff for her services since December 9, 2024, despite continuing to derive income and business value from her labor and that of similarly situated drivers.

61.    DoorDash's retention of these benefits is unjust and inequitable because: (a) Plaintiff provided valuable services with the reasonable expectation of payment; (b) DoorDash accepted and benefited from these services; (c) DoorDash has deliberately frustrated Plaintiff's attempts to receive payment through bad faith customer service practices; and (d) allowing DoorDash to retain these benefits without payment would violate fundamental principles of fairness and equity.

62.    It would be inequitable and unjust to permit DoorDash to retain the benefits of Plaintiff's services without providing compensation, particularly given DoorDash's active role in preventing payment resolution.

1

2

3

63.    As a direct result of DoorDash's unjust enrichment, Plaintiff has suffered damages including unpaid wages exceeding $37,831.45, accumulated debt, interest charges, credit damage, and financial hardship.

4

**Count VI – Violation of California Unfair Competition Law**

5

6

**(Bus. & Prof. Code § 17200 et seq.)**

7

**(Against DoorDash, Inc.)**

8

9

64.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

10

11

12

65.    DoorDash's conduct constitutes unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code § 17200 et seq.

13

14

15

16

66.    DoorDash's conduct is unlawful because it violates multiple legal obligations, including: (a) the implied covenant of good faith and fair dealing inherent in all contracts; (b) California Labor Code provisions regarding timely payment for services, including §§ 201-204; (c) fundamental principles of contract law requiring performance of agreed payment obligations; and (d) Business and Professions Code § 17500 regarding false representations in commercial transactions.

17

18

19

20

21

22

23

24

25

26

27

67.    DoorDash's conduct is unfair because it causes substantial injury to drivers that is not outweighed by any countervailing benefits to consumers or competition. Specifically, DoorDash's systematic non-payment of earned wages,

28

COMPLAINT

deliberate obstruction of payment resolution processes, and bad faith customer service practices cause severe financial harm to drivers, including forcing them into debt, damaging their credit, and causing emotional distress. These injuries offend established public policy favoring prompt payment for services rendered and cannot be reasonably avoided by drivers who lack meaningful alternatives or recourse.

68.    DoorDash's conduct is fraudulent because it involves material misrepresentations made with intent to deceive drivers and induce their continued unpaid labor. DoorDash repeatedly promises to "escalate" and resolve payment issues within specific timeframes while having no intention or capability to do so, and systematically provides false troubleshooting instructions designed to delay rather than resolve payment problems.

69.    As a direct and proximate result of DoorDash's unlawful, unfair, and fraudulent business practices, Plaintiff has suffered substantial damages and seeks restitution of all monies wrongfully obtained or retained, injunctive relief requiring DoorDash to cease these practices and implement proper payment procedures, and any other relief the Court deems just and proper.

**Count VII - Breach of Implied Covenant of Good Faith and Fair Dealing**

**(Against DoorDash, Inc.)**

70.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

71.     Every contract contains an implied covenant of good faith and fair dealing that neither party will do anything to prevent the other party from receiving the benefits of the contract.

72.     DoorDash breached the implied covenant of good faith and fair dealing by deliberately obstructing Plaintiff's ability to receive the benefits of their contractual relationship, including: (a) implementing bad faith customer service practices designed to frustrate drivers rather than resolve payment issues; (b) systematically deflecting responsibility to third parties while maintaining control over payment accounts; (c) providing false assurances of resolution with no intent to actually resolve payment problems; (d) denying Plaintiff meaningful access to her own payment account information; and (e) pressuring Plaintiff to use insecure payment platforms against her express objections.

73.     DoorDash's conduct was not justified by any legitimate business purpose and was undertaken in bad faith to avoid its contractual payment obligations while continuing to benefit from Plaintiff's services.

74.     As a direct and proximate result of DoorDash's breach of the implied covenant, Plaintiff has suffered damages including unpaid wages, accumulated debt, credit damage, and emotional distress.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated,

COMPLAINT

prays for relief as follows:

A. For an order certifying this action as a class action and appointing Plaintiff as class representative and her counsel as class counsel;

B. For compensatory damages for all unpaid wages owed to Plaintiff and other similarly situated DoorDash drivers, in an amount to be determined at trial, but no less than $45,000 for Plaintiff individually (representing approximately six months of unpaid wages);

C. For consequential damages including the $18,500 in credit card debt incurred by Plaintiff due to Defendants' failure to pay wages;

D. For punitive damages against all Defendants for their fraudulent conduct;

E. For interest on all unpaid wages from the date they were due until the date of payment, pursuant to Cal Lab Code § 218.6;

F. For penalties for willful failure to pay wages, pursuant to Cal Lab Code § 203;

G. For injunctive relief requiring Defendants to:

   1. Correct their payment systems and ensure timely payment to all drivers;

   2. Provide drivers with direct access to resolve payment issues;

   3. Cease retaliatory practices against drivers who complain about non-payment;

   4. Implement proper procedures for addressing payment failures;

H. For restitution of all monies wrongfully obtained or retained by Defendants;

COMPLAINT

I. For reasonable attorneys' fees and costs incurred in bringing this action, pursuant to Cal Lab Code § 218.5 and Cal Code Civ Proc § 1021.5;

J. For damages resulting from breach of the implied covenant of good faith and fair dealing;

K. For such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all causes of action so triable.

Dated: August 11, 2025                    INGBER LAW GROUP

                                          */s/ Jason M. Ingber*

                                          Jason M. Ingber, Esq.

                                          Attorney for Plaintiff

COMPLAINT